UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK  **JUDGE SWEET**

6-23-15

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

- against -

HAIJIAN LUO

    Defendant.

15 Civ. ( ) ECF CASE

**[PROPOSED] ORDER TO SHOW CAUSE, FOR AN ASSET FREEZE, AND OTHER RELIEF**

**15 CV 4867**

---

On June 23, 2015, Plaintiff Securities and Exchange Commission (the "Commission") filed an emergency application for an *ex parte o*rder: (1) Directing defendant Haijian Luo ("Defendant") to show cause why an order should not be entered, pending a final disposition of this action: (a) Freezing Defendant's assets in the accounts in which the trading described in the Commission's Complaint occurred; (b) Prohibiting Defendant from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to Defendant's assets, finances or business operations; (2) Pending a hearing and adjudication of the foregoing: (a) Freezing Defendant's assets in the accounts in which the trading described in the Commission's Complaint occurred; (b) Prohibiting Defendant from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendant's assets, finances or business operations; and (c) Authorizing expedited discovery and service by alternate means; and (3) setting this matter for a hearing on the foregoing.

The Court has considered the entire record of this case, including (a) the Complaint in this action, (b) the Commission's Memorandum of Law in Support of Its *Ex Parte* Emergency

Application for an Order to Show Cause, for an Asset Freeze, and Other Relief, (c) the Declaration of Kathy Murdocco, with attached exhibits, and (d) the Certification of Counsel pursuant to Local Rule of Civil Procedure 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B).

Based on the record, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the Defendant, and venue properly lies in this District.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)] and Federal Rule of Civil Procedure 65(b) for the following reasons:

    A. Based on the evidence presented, there is a basis to infer that the Defendant violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as alleged in the Complaint.

    B. It appears that an order freezing the Defendant's assets in the accounts in which the trading described in the Commission's Complaint occurred, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

    C. It appears that an order prohibiting the Defendant from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendant's assets, finances or business operations, is

necessary, to ensure, among other things, compliance with the asset freeze imposed on the Defendant's assets, and to protect the integrity of this litigation.

  D. Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is appropriate for the Court to issue this Order to Show Cause *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

  D. Good and sufficient reasons have been shown why alternative means of service on Defendant by e-mail is warranted.

  E. Good and sufficient reasons have been shown why expedited discovery is warranted.

**Now, therefore,**

I.

**IT IS ORDERED** that the Defendant show cause, if there be any, to this Court at 11 AM on the 7th day of July 2015, in Room 619 of the United States Courthouse, 40 Foley Square, New York, New York 10007, why this Court should not enter an Order directing that, pending a final disposition of this action, the Defendant, and any of his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets in the accounts in which the trading described in the Commission's Complaint occurred, held by, or under the direct or indirect control of the Defendant, whether held in any of his names

- 3 -

or for any of his direct or indirect beneficial interests wherever situated, including, but not limited to all assets in the Credit Suisse account ending in 9194.

## II.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order enjoining and restraining the Defendant, and any of his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service or otherwise, and each of them, from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendant, and any of his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendant's assets, finances or business operations.

## III.

**IT IS FURTHER ORDERED** that a copy of this Order, the Complaint, Summons, and the papers supporting the Commission's application shall be served: (i) upon the Defendant, or his attorney who agree to accept service on his behalf, and (ii) on Credit Suisse Securities (USA) LLC through which the Defendant traded Qihoo options, on or before June 23, 2015, by e-mail (in the case of Defendant, utilizing the e-mail addresses listed in his account opening documents) or by personal delivery, facsimile, overnight courier, email, or first-class mail (in the case of the brokerage firm). 

## IV.

**IT IS FURTHER ORDERED** that the Defendant shall deliver any opposing papers in response to the Order to Show Cause above no later than July 3, 2015 at 5:00 p.m. Service shall 

be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission, Brookfield Place, 200 Vesey Street, New York, NY 10281, Attn: Todd D. Brody, brodyt@sec.gov, or such other place as counsel for the Commission may direct in writing. The Commission shall have until July 6, 2015, at 5:00p.m., to serve, by the most expeditious means available, including e-mail, any reply papers upon the Defendant or his counsel, if counsel shall have made an appearance in this action.



## V.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of records as set forth in Parts I and II above, the Defendant, and any of his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets in the accounts in which the trading described in the Commission's Complaint occurred, held by, or under the direct or indirect control of the Defendant, whether held in any of his names or for his direct or indirect beneficial interests, wherever situated, including, but not limited to all assets in the Credit Suisse Securities (USA) LLC account ending in 9194.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of record as set forth in Parts I and II above, Defendant, and any of his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive

actual notice of such Order by personal service or otherwise, and each of them, from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendant, and any of his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendant's assets, finances or business operations.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of record as set forth in Parts I and II above, the Commission's application for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on **three days'** notice of any such deposition. Depositions may be taken Monday through Saturday. As to Defendant Haijian Luo, and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, the Commission may depose such witnesses after serving a deposition notice by e-mail upon such Defendant, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on Plaintiff Commission's application;

B.      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendant shall answer the Commission's interrogatories within **three days** of service of such interrogatories upon Defendant. Interrogatories may be served by e-mail upon such Defendant or his counsel;

C.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendant shall produce all documents requested by the Commission within **three days** of service of such request, with production of the documents made to the New York Regional Office of the Commission, Brookfield Place, 200 Vesey Street, New York, NY 10281, Attn: Todd D. Brody, brodyt@sec.gov, or such other place as counsel for the Commission may direct in writing. Requests for production may be served by e-mail upon such Defendant or his counsel;

D.      Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendant shall respond to the Commission's requests for admissions within **three days** of such requests. Requests for admission may be served by e-mail upon such Defendant or his counsel; and

E.      All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand, overnight courier, or e-mail to the New York Regional Office of the Commission, Brookfield Place, 200 Vesey Street, New York, NY 10281, Attn: Todd D. Brody, brodyt@sec.gov, or such other place as counsel for the Commission may direct in writing; and

F.      In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45. Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

## VIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendant and any of his officers, agents, servants, employees, attorneys, and those persons in active

concert or participation with him who receive actual notice of this Order by e-mail service, personal service, or otherwise.

## IX.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 23 day of June, 2015, at 3:45 PM.

_____
UNITED STATES DISTRICT JUDGE