UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SWEET

15 CV 4867

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

- against -

HAIJIAN LUO,

                Defendant.

15 Civ.    (    ) ECF CASE

*EX PARTE* EMERGENCY APPLICATION FOR AN ORDER TO SHOW CAUSE, FOR AN ASSET FREEZE, AND OTHER RELIEF

RECEIVED
JUN 23 2015
CASHIERS OFFICE
S.D.N.Y.

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this *ex parte* emergency application for an order to show cause, for an asset freeze, and other relief against Defendant Haijian Luo ("Luo") ("Defendant"), who the Commission alleges engaged in an insider trading scheme involving highly suspicious and highly profitable trading in the securities of Qihoo 360 Technology Co., Ltd. ("Qihoo") a Cayman Islands company that is headquartered in the People's Republic of China and is traded on the New York stock exchange.

This application is made pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)(1)], and is supported by the Commission's Memorandum of Law in Support of its *Ex Parte* Emergency Application for an Order to Show Cause, for an Asset Freeze, and Other Relief, the Complaint, the Declaration of Kathy Murdocco, the exhibits attached thereto, and the Certification of Counsel pursuant to Local Civil Rule 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B), all filed concurrently or attached hereto.

The Commission *ex parte* seeks an Order:

    (1)    Directing Defendant to show cause why an order should not be entered, pending a final disposition of this action:

    (a)    Freezing Defendant's assets in the accounts in which the trading described in the Commission's Complaint occurred; and

    (b)    Prohibiting Defendant from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to Defendant's assets, finances or business operations; and

(2)    Pending a hearing and adjudication of the foregoing,

    (a)    Freezing Defendant's assets in the accounts in which the trading described in the Commission's Complaint occurred;

    (b)    Prohibiting Defendant from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendant's assets, finances or business operations; and

    (c)    Authorizing expedited discovery and service by alternate means.

Dated: June 23, 2015

           /s/ Todd D. Brody
         Todd D. Brody
         Senior Trial Counsel

         Andrew M. Calamari
         Sanjay Wadhwa
         Wendy Tepperman
         Melanie MacLean
         Attorneys for Plaintiff
         SECURITIES AND EXCHANGE COMMISSION
         Brookfield Place, 200 Vesey Street
         New York, NY 10281
         (212) 336-0080
         brodyt@sec.gov
         teppermanw@sec.gov
         macleanm@sec.gov